Andrew S. Tulumello, SBN 196484
Claire L. Chapla, SBN 314255
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone:  202.955.8500
E-mail:  atulumello@gibsondunn.com
E-mail:  cchapla@gibsondunn.com

*Counsel for Defendant PepsiCo, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| EARTH ISLAND INSTITUTE,<br><br>           Plaintiff,<br><br>     v.<br><br>CRYSTAL GEYSER WATER COMPANY; THE CLOROX COMPANY; THE COCA-COLA COMPANY; PEPSICO, INC.; NESTLÉ USA, INC.; MARS, INCORPORATED; DANONE NORTH AMERICA; MONDELĒZ INTERNATIONAL, INC.; COLGATE-PALMOLIVE COMPANY; THE PROCTER & GAMBLE COMPANY; and DOES 1-25, inclusive,<br><br>           Defendants. | CASE NO. 3:20-cv-2212<br><br>**DECLARATION OF CLAIRE L. CHAPLA IN SUPPORT OF NOTICE OF REMOVAL**<br><br>[Removal from the Superior Court of the State of California in San Mateo County, Case No. 20CIV01213]<br><br>Action Filed:    February 26, 2020 |

I, Claire L. Chapla, declare as follows:

1. I am an attorney with the law firm of Gibson, Dunn & Crutcher LLP, and I am admitted to practice law before all courts of the State of California and in the United States District Court for the Northern District of California. I am one of the attorneys responsible for the representation of Defendant PepsiCo, Inc. ("PepsiCo") in this matter. I make this declaration in support of the Defendants' Notice of Removal, filed concurrently herewith. Unless otherwise stated, the following facts are within my personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. Attached as **Exhibit A** is a copy of the Complaint filed in the Superior Court of the State of California in the County of San Mateo on February 26, 2020.

3. Attached as **Exhibit B** is a copy of the Summons filed in the Superior Court of the State of California in the County of San Mateo on February 26, 2020.

4. Attached as **Exhibit C** is a copy of the Civil Cover Sheet filed in the Superior Court of the State of California in the County of San Mateo on February 26, 2020.

5. Attached as **Exhibit D** is a copy of the Certificate Complex Case Designation for Case No. 20CIV01213 filed in the Superior Court of the State of California in the County of San Mateo.

6. Attached at **Exhibit E** is a copy of the Notice of Case Management Conference for Case No. 20CIV01213 filed in the Superior Court of the State of California in the County of San Mateo.

7. Attached as **Exhibit F** is a copy of the Notice of the Complex Case Management Conference for Case No. 20CIV01213 filed in the Superior Court of the State of California in the County of San Mateo.

8. I have consulted with my client, and I have been informed that PepsiCo was served by Plaintiff Earth Island, acting through and by Mark C. Molumphy, an attorney at Cotchett, Pitre & McCarthy, ("Plaintiff") with a copy of the Complaint and Summons filed in the Superior Court of the

State of California in the County of San Mateo on March 10, 2020.[1] Attached hereto as **Exhibit G** is a true and correct copy of the service notification that accompanied a copy of Exhibits A-F, and represents a true and correct copy of all process, pleadings, and orders served from the state-court action being removed to this Court that have been served on PepsiCo.  Pursuant to 28 U.S.C. § 1446(a), this constitutes "a copy of all process, pleadings, and orders served upon" PepsiCo in this action.

9. On March 2, 2020, Crystal Geyser was served with a copy of the Complaint and Summons filed in the Superior Court of the State of California in the County of San Mateo.  Attached hereto as **Exhibit H** is a true and correct copy of the service notification that accompanied a copy of Exhibits A-E, and represents a true and correct copy of all process, pleadings, and orders served from the state-court action being removed to this Court that have been served on Crystal Geyser.  Pursuant to 28 U.S.C. § 1446(a), this constitutes "a copy of all process, pleadings, and orders served upon" Crystal Geyser in this action.

10. On March 2, 2020, The Clorox Company ("Clorox") was served with a copy of the Complaint and Summons filed in the Superior Court of the State of California in the County of San Mateo.  Attached hereto as **Exhibit I** is a true and correct copy of the service notification that accompanied a copy of Exhibits A-E, and represents a true and correct copy of all process, pleadings, and orders served from the state-court action being removed to this Court that have been served on Clorox.  Pursuant to 28 U.S.C. § 1446(a), this constitutes "a copy of all process, pleadings, and orders served upon" Clorox in this action.

---

[1] In filing or consenting to the concurrently filed Notice of Removal, Defendants do not waive, and expressly preserve, their right to challenge personal jurisdiction, sufficiency of process, and/or sufficiency of service of process in any federal or state court.  A number of Defendants contend that personal jurisdiction in California is lacking over them, that process was insufficient, and/or that service of process was insufficient, and these Defendants will move to dismiss for lack of personal jurisdiction, insufficient process, and/or insufficient service of process at the appropriate time.  *See*, *e.g.*, *Munjy v. Destination XL Grp., Inc.*, 2015 WL 1021129, at *3 (E.D. Cal. Mar. 9, 2015) ("[A] defendant does not waive jurisdictional challenges by removing a case to federal court." (citation and internal quotation marks omitted)); *Carter v. Bldg. Material & Const. Teamsters' Union Local 216*, 928 F. Supp. 997, 1000–01 (N.D. Cal. 1996) ("A petition for removal affects only the forum in which the action will be heard; it does not affect personal jurisdiction."); *see also* Charles A. Wright et al., *Federal Practice and Procedure* § 3721 (4th ed. 2019) ("A defendant does not waive any defense it may have to an action . . . by removing the case from state to federal court.  A defendant may, for example, move to dismiss for lack of personal jurisdiction after removing a suit.").

11. On March 10, 2020 Coca-Cola was served with a copy of the Complaint and Summons filed in the Superior Court of the State of California in the County of San Mateo. Attached hereto as **Exhibit J** is a true and correct copy of the service notification that accompanied a copy of Exhibits A-F, and represents a true and correct copy of all process, pleadings, and orders served from the state-court action being removed to this Court that have been served on Coca-Cola. Pursuant to 28 U.S.C. § 1446(a), this constitutes "a copy of all process, pleadings, and orders served upon" Coca-Cola in this action.

12. On March 10, 2020, Nestlé USA was served with a copy of the Complaint and Summons filed in the Superior Court of the State of California in the County of San Mateo. Attached hereto as **Exhibit K** is a true and correct copy of the service notification that accompanied a copy of Exhibits A-F, and represents a true and correct copy of all process, pleadings, and orders served from the state-court action being removed to this Court that have been served on Nestlé USA. Pursuant to 28 U.S.C. § 1446(a), this constitutes "a copy of all process, pleadings, and orders served upon" Nestlé USA in this action.

13. On March 10, 2020, Mars, Incorporated ("Mars") was served with a copy of the Complaint and Summons filed in the Superior Court of the State of California in the County of San Mateo. Attached hereto as **Exhibit L** is a true and correct copy of the service notification that accompanied a copy of Exhibits A-F, and represents a true and correct copy of all process, pleadings, and orders served from the state-court action being removed to this Court that have been served on Mars. Pursuant to 28 U.S.C. § 1446(a), this constitutes "a copy of all process, pleadings, and orders served upon" Mars, Inc. in this action.

14. On March 19, 2020, Danone US, LLC, erroneously sued as Danone North America ("Danone"), was served with a copy of the Complaint and Summons filed in the Superior Court of the State of California in the County of San Mateo. Attached hereto as **Exhibit M** is a true and correct copy of the service notification that accompanied a copy of Exhibits A-F, and represents a true and correct copy of all process, pleadings, and orders served from the state-court action being removed to this Court that have been served on Danone. Pursuant to 28 U.S.C. § 1446(a), this constitutes "a copy of all process, pleadings, and orders served upon" Danone in this action.

15. On March 13, 2020, Mondelēz Global LLC, erroneously sued as Mondelēz International, Inc. ("Mondelēz"), was served with a copy of the Complaint and Summons filed in the Superior Court of the State of California in the County of San Mateo. Attached hereto as **Exhibit N** is a true and correct copy of the service notification that accompanied a copy of Exhibits A-F, and represents a true and correct copy of all process, pleadings, and orders served from the state-court action being removed to this Court that have been served on Mondelēz. Pursuant to 28 U.S.C. § 1446(a), this constitutes "a copy of all process, pleadings, and orders served upon" Mondelēz in this action.

16. On March 10, 2020, Colgate-Palmolive Company ("Colgate-Palmolive") was served with a copy of the Complaint and Summons filed in the Superior Court of the State of California in the County of San Mateo. Attached hereto as **Exhibit O** is a true and correct copy of the service notification that accompanied a copy of Exhibits A-F, and represents a true and correct copy of all process, pleadings, and orders served from the state-court action being removed to this Court that have been served on Colgate-Palmolive. Pursuant to 28 U.S.C. § 1446(a), this constitutes "a copy of all process, pleadings, and orders served upon" Colgate-Palmolive in this action.

17. On March 13, 2020, The Procter & Gamble Company ("Procter & Gamble") was served with a copy of the Complaint and Summons filed in the Superior Court of the State of California in the County of San Mateo. Attached hereto as **Exhibit P** is a true and correct copy of the service notification that accompanied a copy of Exhibits A-F, and represents a true and correct copy of all process, pleadings, and orders served from the state-court action being removed to this Court that have been served on Procter & Gamble. Pursuant to 28 U.S.C. § 1446(a), this constitutes "a copy of all process, pleadings, and orders served upon" Procter & Gamble in this action.

18. Attached as **Exhibit Q** are true and correct copies of proofs of service from the state-court action being removed to this Court.

19. Attached as **Exhibit R** is a copy of the docket sheet for Case No. 20CIV01213 filed in the Superior Court of the State of California in the County of San Mateo.

20. The removal of this action is not intended to operate as an admission of any factual allegation or legal conclusion and is submitted subject to and without waiver of any defense, affirmative defense, or objection, including personal jurisdiction, insufficient process, and insufficient service of process.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that I executed this Declaration on April 1, 2020, at Alexandria, Virginia.

Dated: April 1, 2020                                    BY: *Claire L. Chapla*